IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01303-KLM

SCHWAB PRIVATE CLIENT
INVESTMENT ADVISORY, INC.

    **Plaintiff,**

v.

MATTHEW OBERT

    **Defendant.**

## FINAL CONSENT ORDER

By consent of Plaintiff Schwab Private Client Investment Advisory, Inc. ("Plaintiff" or "Schwab"), and Defendant Matthew Obert ("Obert"), on the condition that nothing herein is intended as an admission, acceptance, or agreement that any party engaged in any wrongdoing in connection with this matter:

1. IT IS HEREBY ORDERED that Defendant Matthew Obert is hereby enjoined, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of his current employer, BNY Mellon Wealth Management, or any other future employer from:

    (a) Soliciting any business from, or initiating any further contact or communication with, any client whom Obert serviced at Plaintiff Schwab Private Client Investment Advisory, Inc. ("Schwab") and/or about whom he gained Confidential Information (the "Clients"), including for the purpose of notifying them of his

new or subsequent place of employment or for purposes of encouraging or inducing them to transfer their accounts from Schwab or to his new firm (excluding members of Obert's immediate family), through and including October 11, 2015; and

(b) using, disclosing, or transmitting for any purpose, including the solicitation or initiation of any contact with Schwab Clients, the information contained in the records of Schwab, or other information pertaining to Schwab clients, including, but not limited to, the names, addresses, phone numbers, email addresses, personal data and financial information of the Clients (excluding members of Obert's immediate family);

2. IT IS FURTHER ORDERED that Obert, and anyone acting in concert or participation with him, including any agent, employee, officer or representative of BNY Mellon, shall return to Plaintiff's counsel any and all records or information pertaining to the Clients, whether in original; copied; computerized, electronic, or digital (including but not limited to personal computers, computers, Blackberries, iPhones, iPads, mobile computing devices and/or telephones, compact or floppy discs, flash or thumb drives, memory cards, hard drives and any other device or media in, or on, which data can be electronically stored); handwritten or any other form, including any information that Obert may have recreated from memory and reduced to writing, and to purge any such information from their possession, custody, or control, within 24 hours of entry of this Order. This Order specifically includes

any list of Customers recreated by Obert from memory after the date of his resignation from Schwab.

3. IT IS FINALLY ORDERED that Obert shall preserve the integrity of any device(s) containing records or information pertaining to Clients, and shall make any such device(s) available for imaging by Schwab on May 28 and 29, 2014, in order for Schwab to conduct a search for information pertaining to Clients. If the imaging of these device(s) cannot be completed on these dates, Obert shall continue to preserve the integrity of any such device(s) and make any such devices available for imaging at a time mutually agreeable to the parties. After the search of the image for Client information, before review of that search result by any representative of Plaintiff, Defendant's counsel shall be permitted to review and remove from the search result Defendant's privileged, personal and private information unrelated to Clients. Any information removed from the search result shall be preserved by Defendant's counsel. Defendant's counsel shall prepare a privilege log of the removed information. After such imaging, any records or information pertaining to Clients shall be deleted and/or purged from the device in a manner mutually agreeable to the parties. Schwab shall then purge any images taken of Plaintiff's device(s). Schwab shall bear the costs of imaging and purging under this Paragraph.

BY THE COURT:

*[signature]* 5/29/14
KRISTEN L. MIX
United States Magistrate Judge

3

Stipulated and agreed to for immediate entry:

| VAUGHAN & DEMURO | FISHER & PHILLIPS LLP |
|---|---|
| /s/Shelby A. Felton<br>Shelby A. Felton<br>3900 E. Mexico Ave., Suite 620<br>Denver, CO  80210<br>(303) 837-9200<br>fax (303) 837-9400<br>sfelton@vaughandemuro.com<br><br>*Attorneys for Obert* | /s/ James P. McLaughlin<br>Michael R. Greco<br>James P. McLaughlin<br>150 N. Radnor-Chester Rd., Ste. C300<br>Radnor, Pennsylvania 19087<br>Tel: (610) 230-2131<br>Fax: (610) 230-2151<br>mgreco@laborlawyers.com<br>jmclaughlin@laborlawyers.com<br><br>Danielle S. Urban<br>1801 California Street, Ste. 2700<br>Denver, CO 80202<br>Tel: (303) 218-3650<br>Fax: (303) 218-3651<br>durban@laborlawyers.com<br><br>*Attorneys for Plaintiff* |